Taft, J., dissenting.
Admittedly, as alleged in the petition, a charter commission duly elected on May 5, 1959 pursuant to Section 8 of Article XVIII of the Constitution duly framed a charter for the city of Warren in accordance with that section of the Constitution which reads so far as pertinent to consideration of this case:
‘^Any charter so framed shall be submitted to the electors of the municipality at an election to be held at a time fixed by the charter commission and within one year from the date of its election, provision for ivhich shall be made by the legislative authority of the municipality * * '*. Not less than 30 days prior to such election the clerk of the municipality shall mail a copy of the proposed charter to each elector * * #. If such proposed charter is approved by a majority of the electors voting thereon it shall become the charter of the municipality * * (Emphasis added.)
Admittedly, as alleged in the petition, that charter commission thereafter fixed April 12, 1960 as the time for the election at which that charter should be submitted to the electors of Warren and those facts were made known to respondents, who *224 are “the legislative authority” of Warren, on or before February 5, 1960.
In his petition, relator, after praying (inter alia) “that * * * respondents be * * * ordered * * * to take any * * * steps necessary to submit said proposed charter to the electors of # * * Warren on April 12, I960,” prays “for such other and further relief as may be necessary and proper.”
It is obvious that the foregoing constitutional provisions imposed upon respondents, as the legislative authority of Warren, a mandatory duty (“provision # * * shall be made”) to provide for an election on April 12, 1960 at which the proposed charter should have been (“shall be”) “submitted to the electors” of Warren. As I see it, therefore, the only question before us is whether the fact that April 12, 1960 passed during the pendency of this action without performance by respondents of that mandatory duty relieves respondents of any duty with respect to submission of the proposed charter to the electors of Warren.
The answer to this question necessarily depends upon the intention expressed by the people in the words which they used in Section 8 of Article XVIII of the Constitution. In my opinion, the intention so expressed by the words used was that an election with respect to such a proposed charter should be held, and the specification of the time within which it should be held was of secondary consideration and intended not to limit the power to hold it but to insure that it was held promptly. Robinson v. McGown, 104 S. C., 285, 88 S. E., 807. As suggested in City of Cincinnati v. Hillenbrand et al., Board of Deputy State Supervisors, 103 Ohio St.. 286, 300, 133 N. E., 556, “to hold otherwise * * * would encourage proceedings whose purpose and effect would be to annul the constitutional right” specified in Section 8 of Article XVIII of the Constitution. See also Welfare Finance Corp. v. Estep, 170 Ohio St., 391, 165 N. E. (2d), 789, Cincinnati Traction Co. v. Ruthman, 85 Ohio St., 62, 96 N. E.., 1019, Ann. Cas. 1913A, 911. Cf. Gibson v. City of Oberlin, 171 Ohio St., 1.
We should not be concerned with the fact that the prayer of the petition is for certain specific relief which cannot now or perhaps never should have been given, because that, prayer *225 also includes a prayer for general relief. Thus, as stated in paragraph two of the syllabus of State, ex rel. Blackwell, a Taxpayer, v. Bachrach et al., City Council of Cincinnati, 166 Ohio St., 301, 143 N. E. (2d), 127, “where the allegations of a petition are sufficient to warrant the general relief sought, the form of the prayer is immaterial, and where the prayer is for general relief the court will shape its judgment according to the equity of the case and grant any relief warranted by the allegations of the petition.”
In my opinion, respondents should be ordered to make adequate and necessary provisions for the holding within a reasonable time, such as on or before the date of the next general election, an election at which the foregoing-mentioned proposed charter of Warren “shall be submitted to the electors” of that municipality.